UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TERESA A. AGUILERA, | ) | |
| --- | --- | --- |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:13CV162 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

**Procedural History**

On August 26, 2011, movant pled guilty to armed bank robbery, possession of a firearm in furtherance of a crime of violence and being a convicted felon in possession of a firearm. On December 12, 2011, the Court sentenced movant to a total term of 100 months' imprisonment and five years supervised release. Movant did not appeal.

**Legal Standard**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

**Discussion**

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final ten days after the judgment was entered on December 12, 2011. Fed. R. App. Proc. 4(b)(1)(2007). As a result, the one-year period of limitations under § 2255 expired on about December 22, 2012. The instant motion was signed by movant on November 2, 2013.

Movant argues that "the Court has jurisdiction under new law ruling," Alleyne v. United States, 133 S.Ct. 2151 (2013), and thus should be timely under 28 U.S.C. § 2255(f)(3). In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. The Court resolved Alleyne on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack.

Alleyne enunciates a rule of constitutional law and "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." Griffith v. Kentucky, 479 U.S. 314, 328

(1987) (emphasis added). Generally, however, new constitutional rules are not applied to cases on collateral review, such as this one. Teague v. Lane, 489 U.S. 288, 303 (1989).

"Two exceptions to the Teague rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." In re Carl Green, 144 F.3d 384, 386 (6th Cir.1998), citing Caspari v. Bohlen, 510 U.S. 383, 396 (1994).[1]

This Court finds that Alleyne does not fall within either of the exceptions to the non-retroactivity rule, and declines to apply Alleyne in this § 2255 proceeding.

Moreover, even if Alleyne could be found to be retroactive, it simply does not apply to movant. Movant entered a guilty plea and specifically entered into a plea agreement with the Government relative to her offense level. She also received a downward departure, allowing movant to receive less than the mandatory minimum

---

[1] Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Justices of the Supreme Court have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348 (2004).

sentence. Thus, Alleyne cannot be said to be applicable to her situation even if it were available to her in these proceedings. See, e.g., U.S. v. Wimberly, No: 12-2210, 2013 WL 3214988, *1 (6th Cir. June 26, 2013).

As such, the Court finds that movant's motion to vacate appears to be time-barred. Movant shall be allowed twenty-one (21) days from the date of this Memorandum and Order to show cause why the motion should not be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 12th day of November, 2013.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE